# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BERNELL EDWARD KELLY,**

    **Petitioner,**

    **v.**                                          Case No. 21-CV-717

**SHEBOYGAN COUNTY JAIL,**

    **Respondent.**

## RECOMMENDATION FOR DISMISSAL OF PETITION[1]

Bernall Edward Kelly, who is currently incarcerated at the Sheboygan County Jail, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Kelly also moves for leave to proceed without prepaying the $5.00 filing fee applicable to § 2254 petitions. (Docket # 2.) Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." A prisoner seeking to bring a civil action without prepayment of fees must, in addition to filing the affidavit, submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the petition. 28 U.S.C. § 1915(2).

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

While Kelly has not yet filed his prison trust account statement, it would be futile, at this juncture, to either grant Kelly *in forma pauperis* status or require him to pay the $5.00 filing fee prior to screening his § 2254 petition. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Kelly challenges his conviction in Sheboygan County Case No. 2020CF578 on the grounds that he received ineffective assistance of trial counsel, that he was convicted on insufficient evidence, that he was denied his right of confrontation, and that he was not tried to a jury of his peers. (Docket # 1.) Kelly, however, has not yet been sentenced in this case, with sentencing scheduled for July 6, 2021. (*Id.* at 2.)

As such, Kelly's petition is clearly premature. A state petitioner seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (internal quotation and citation omitted). To afford the state this opportunity, the prisoner should fairly present his federal claims to each appropriate state court before seeking relief in federal court. *Id.* In other words, the prisoner must assert his federal claims through "one complete round of state-court review," either on direct appeal of his conviction or in post-conviction proceedings. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "One complete round of state-court review" means that Kelly must raise his constitutional issues at

each and every appropriate level of the state court system, including filing a petition for review before the Wisconsin Supreme Court *See id.* at 1025–26.

Although Kelly has been found guilty by a jury, he has not yet been sentenced and no judgment of conviction has been entered. Kelly is at the very beginning stages of pursuing his state court post-conviction remedies. Kelly cannot bring a federal habeas petition pursuant to § 2254 unless and until he exhausts Wisconsin's post-conviction process. For these reasons, it is recommended that Kelly's § 2254 petition be dismissed.

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because no reasonable jurists would debate that Kelly has not exhausted his state court remedies, I recommend denial of a certificate of appealability.

**NOW, THEREFORE, IT IS RECOMMENDED** that Kelly's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a certificate of appealability be **DENIED**.

**IT IS ORDERED** that Kelly's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court

shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 24th day of June, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge